IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES JOINT BOARD HEALTH & WELFARE FUND; MIDWEST PENSION PLAN; and CHEMICAL & PRODUCTION WORKERS UNION, LOCAL 30, AFL-CIO,<br><br>    Plaintiffs,<br> vs.<br><br>HYDRAULIC FITTINGS, INC. d/b/a HFI FLUID POWER PRODUCTS, a Wisconsin Corporation,<br><br>    Defendant. | CASE NO.: 18-CV-3466<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

## COMPLAINT

NOW COME the Plaintiffs, the CENTRAL STATES JOINT BOARD HEALTH & WELFARE FUND ("WELFARE FUND"), MIDWEST PENSION PLAN ("PENSION PLAN"), and the CHEMICAL & PRODUCTION WORKERS UNION, LOCAL 30, AFL-CIO ("LOCAL 30"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant HYDRAULIC FITTINGS, INC. d/b/a HFI FLUID POWER PRODUCTS ("HFI") and allege as follows:

### JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185, 1132(e)(1) and 1145, and 28 U.S.C. § 1331.

1

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the WELFARE FUND and PENSION PLAN are administered at 245 Fencl Lane, Hillside, Illinois, 60162, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The WELFARE FUND and the PENSION PLAN (hereinafter collectively referred to as "FUNDS") receive contributions from numerous employers pursuant to Collective Bargaining Agreements with Plastic Workers Union, Local 18 and LOCAL 30, locals of the International Union of Allied Novelty and Production Workers, and AFL-CIO, and therefore, are a multiemployer plans under 29 U.S.C. § 1002.

4. The FUNDS are administered pursuant to the terms and provisions of Agreements and Declaration of Trust (the "Trust Agreements").

5. LOCAL 30 is an unincorporated voluntary association with its principal place of business located at 245 Fencl Lane, Hillside, Illinois, 60162. LOCAL 30 is a labor organization as defined under Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185).

6. LOCAL 30 is the bargaining representative of Defendant HFI's bargaining-unit employees.

7. Defendant HFI is a Wisconsin corporation with its principal place of business located in Racine, Wisconsin.

## COUNT I
## BREACH OF CONTRACT

8. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

2

9. HFI is an employer engaged in an industry affecting commerce, and effective December 20, 2011, entered into a Recognition Agreement, in which HFI recognized LOCAL 30 as the exclusive bargaining agent of its Class I full-time employees. (A copy of the 2011 Recognition Agreement is attached hereto as **Exhibit 1**).

10. Effective January 1, 2014, HFI entered into a second Recognition Agreement and Addendum, in which HFI recognized LOCAL 30 as the exclusive bargaining agent of all of its full-time employees. (A copy of the 2014 Recognition Agreement and Addendum is attached hereto as **Exhibit 2**).

11. For the period of September 1, 2012, through August 31, 2015, and again for the period of September 1, 2015, through August 31, 2018, My Benefits Group, Inc. (the "Bargaining Association") entered into two consecutive collective bargaining agreements (the "2012-2015 CBA" and the "2015-2018 CBA," collectively the "MBG CBAs") with LOCAL 30. (A copy of the 2012-2015 CBA is attached hereto as **Exhibit 3**); (A copy of the 2015-2018 CBA is attached hereto as **Exhibit 4**).

12. HFI executed a series of Addenda, effective January 1, 2012, January 1, 2013, January 1, 2014, January 1, 2015, January 1, 2016, January 1, 2017, and January 1, 2018, through which HFI agreed to continue to be signatory to the MBG CBAs. (Copies of the 2012, 2014, 2015, 2016, 2017, and 2018 Addenda are attached hereto as **Exhibit 5**).

13. Effective January 1, 2018, HFI entered into a separate Collective Bargaining Agreement with LOCAL 30 for the period of January 1, 2018, through December 31, 2018 (hereinafter "HFI CBA"). (A copy of the HFI CBA is attached hereto as **Exhibit 6**).

14. Through the MBG CBAs and HFI CBA, Defendant HFI became bound by the provisions of the WELFARE FUND's Trust Agreement.

15. With the execution of the Addendum effective January 1, 2016, Defendant HFI also became bound by the provisions of the PENSION PLAN's Trust Agreement.

16. Additionally, effective January 1, 2012, HFI entered into a Participation Agreement (hereinafter "2012 Participation Agreement") with the WELFARE FUND, which required HFI to pay contributions to the WELFARE FUND at the negotiated rate on behalf of its non-bargaining unit employees. (A copy of the 2012 Participation Agreement is attached hereto as **Exhibit 7**).

17. Effective January 1, 2014, HFI entered into a second Participation Agreement (hereinafter "2014 Participation Agreement") with the WELFARE FUND, which required HFI to pay contributions to the WELFARE FUND at the negotiated rate on behalf of its non-bargaining unit employees. (A copy of the 2011Participation Agreement is attached hereto as **Exhibit 8**).

18. Pursuant to provisions of the MBG CBAs, HFI CBA , Participation Agreements, and Trust Agreements, Defendant HFI was required to make monthly reports of hours worked by covered employees and remit contributions on behalf of their bargaining-unit and non-bargaining unit employees to the WELFARE FUND.

19. Pursuant to the 2016 Addendum, 2017 Addendum, and 2018 CBA, Defendant HFI was required to submit an employer contribution of $50.00 per month per member of LOCAL 30 to the PENSION PLAN.

20. Pursuant to the provisions of the MBG CBAs and HFI CBA, Defendant HFI is also required to make monthly reports of hours worked by covered bargaining-unit employees and deduct union dues and initiation fees from its covered employees' wages, which are to be paid to LOCAL 30.

4

21. The monthly reports, contributions, union dues and initiation fees required be paid as set forth in paragraphs 18 through 20 above during all times relevant were due on or before the 10th day of the calendar month following the calendar month during which the work was performed.

22. Pursuant to Section 502(g)(2) of ERISA, the MBG CBAs, the HFI CBA, the Participation Agreement, and the Trust Agreement, employers who fail to remit their monthly contribution reports and contributions to the on a timely basis are responsible for the payment of liquidated damages to the WELFARE FUND and PENSION PLAN equal to ten percent (10%) of the amount of unpaid contributions plus any reasonable attorney's fees and costs of maintaining suit.

23. Pursuant to the CBAs, employers who fail to remit payment of union dues and initiation fees to LOCAL 30 on a timely basis are responsible for the payment of liquidated damages equal to one and one-half percent (1.5%) of the amount of unpaid union dues and initiation fees for each month that the union dues and initiation fees remain outstanding.

24. On January 31, 2018, Bansley and Kiener, L.L.P. (hereinafter "the Auditors"), Plaintiffs' auditors, notified Defendant HFI that they would be conducting a payroll compliance audit of HFI pursuant to the MBG CBAs, the HFI CBA, Participation Agreements, and the Trust Agreements.

25. Defendant HFI has refused to cooperate with the Auditors regarding the payroll compliance audit.

26. On April 1, 2018, HFI sent a letter to the LOCAL 30, WELFARE FUND, and PENSION PLAN indicating it was no longer offering the health care plan to its employees, and that as a result, no payments would be remitted to the WELFARE FUND, PENSION PLAN,

or LOCAL 30.

27. HFI has failed to submit contribution reports and the associated payments to the WELFARE FUND, the PENSION PLAN, and LOCAL 30 pursuant to the HFI CBA and Trust Agreements for the months of March 2018 through present.

28. Plaintiffs have complied with all conditions precedent in bringing this suit.

29. Defendant HFI is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Honorable Court enter an Order requiring HFI to submit contribution reports and the associated payments for March 2018, April 2018, and May 2018;

B. That an Order be entered instructing Defendant HFI to comply with a payroll compliance audit for the period of January 1, 2012, through Present;

C. That Judgment be entered in favor of Plaintiffs and against Defendant HFI in an unknown amount for all unpaid contributions, union dues and initiation fees, liquidated damages and audit fees revealed in the payroll compliance audit;

D. That Judgment be entered in favor of Plaintiffs and against Defendant HFI for any other contributions, union dues, initiation fees, liquidated damages, or audit fees that are found to be due and owing in addition to the amounts referenced in paragraph B and C above;

E. That Defendant HFI be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the MBG CBAs, HFI CBA, Participation Agreements, Trust Agreement and 29 U.S.C. § 1132(g)(2)(D); and

F. That Plaintiffs have such other and further relief as the Court may deem just and equitable

all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

        Respectfully submitted,

        **CENTRAL STATES JOINT BOARD
HEALTH & WELFARE FUND** *et al.*

By:   /s/ William M. Blumthal, Jr. – 6281041
       One of Plaintiffs' Attorneys

William M. Blumthal, Jr.
**JOHNSON & KROL, LLC**
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5477
blumthal@johnsonkrol.com

May 15, 2018